UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YI REN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-01342-JHC<br><br>ORDER |

Before the Court is Defendant's Motion to Dismiss. Dkt. # 7. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court TRANSFERS the case.

Under Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Once the defendant has challenged the propriety of venue, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The applicable statute provides that in

> a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority...may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

> property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Plaintiff, who is not currently residing in the United States, has not satisfied her burden of showing that venue is proper in this District. *See generally* Dkt. ## 7, 12, & 13.

Under 28 U.S.C. § 1406(a), the Court possesses the discretion to transfer rather than dismiss the case. The Court exercises its discretion to transfer because it finds that it is in the interests of justice to do so. Ninth Circuit courts have generally ordered transfer in this scenario. *See, e.g.*, *Fang v. Rubio*, 2025 WL 2772860, at *3 (N.D. Cal. Sept. 29, 2025) (transferring case to District of Columbia where Department of State defendants reside); *Shao v. United States Dep't of State*, 2026 WL 1970747, at *2 (N.D. Cal. July 7, 2026) (same); *Chan v. Rubio*, 2026 WL 1409844, at *3 (N.D. Cal. May 19, 2026) (same).

For the reasons above, the Court DENIES the motion and ORDERS that the case be transferred to the District for the District of Columbia. Given this ruling, the Court need not reach the other issues raised by Defendants.

Dated this 9th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge